Danny Lee ASHBY *v.* STATE of Arkansas

CR 80-221                                     611 S.W. 2d 512
Supreme Court of Arkansas
Opinion delivered February 9, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Matthew Wood Fleming*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Danny Lee Ashby was charged with the crimes of aggravated robbery, rape and kidnapping which occurred at the Pizza Hut restaurant in Conway on May 2, 1979.

At the trial, the jury deliberated for one and one-half hours and returned to the courtroom to render its verdict. The Court read the verdict forms finding appellant guilty of all three charges and fixing the sentence for each crime. The defense attorney requested that the jury be polled and all jurors stated there was unanimity on guilt, but one juror stated that she did not agree to the amount of time to be served, and had not voted on the sentence. The Court then instructed the jury to return to the jury room and fix a sentence on the verdicts, which they did. Upon the jury's return to the courtroom, the verdict forms were handed to the Court and read aloud. Each juror was again polled and responded individually that he or she found the defendant guilty of each of the crimes and fixed each of the sentences as set out on the verdict forms.

Appellant asks that the convictions be reversed and remanded, or in the alternative, that the sentences be reduced to the minimum, because of the coercive atmosphere created around the juror who did not originally vote on the sentences.

The verdict of a jury is to be arrived at freely, fairly and without coercion. The validity of a unanimous verdict is not dependent on what was agreed on in the jury room, but rather what is unanimously reported in open court. The reason is that any juror, when polled, may dissent from a verdict agreed to in the jury room, and when this happens the

jury should either be discharged or be returned to the jury room for further deliberation.

After the one juror stated that she had not voted on the sentence there was no reason to declare a mistrial, but there was a reason to seek clarity. As stated in *Williams* v. *United States*, 419 F. 2d 740 (D.C. Cir., 1969), there is a clear distinction between the actions of a trial judge to obtain clarity in place of confusion and actions that produce a likelihood that a juror has been coerced. Here the court sought to eliminate a misunderstanding and sent the jury back to the jury room to fix the sentence, as authorized by Ark. R. Crim. P. 33.4 (b) (i) (1976). There was no coercion and no error in accepting the verdict under the circumstances.

Affirmed.